Case 08-31796-bjh11 Doc 260 Filed 07/11/08 Entered 07/11/08 14:25:19 Page 1 of 10



**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed July 11, 2008**                                                        **United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | § | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **DORADO BECKVILLE PARTNERS I, L.P.,** *et al.*,[1] | § | Case No. 08-31796-BJH-11 |
| | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER (A) APPROVING PURCHASE AND SALE AGREEMENT,
(B) AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (C) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (D) GRANTING
<u>RELATED RELIEF</u>**

This matter having come before this Court on the *Motion for Order Approving (A) the*

*Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests and (B) Related*

*Relief* [Docket No. 164] (the "<u>Sale Motion</u>") pursuant to 11 U.S.C. §§ 105(a), 363(b), (f), and

---

[1] The Debtors are Dorado Beckville Partners I, L.P., Dorado Operating, Inc., and Dorado Exploration Inc.

ORDER (A) APPROVING PURCHASE AND SALE AGREEMENT,
(B) AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF
BUSINESS, (C) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (D) GRANTING RELATED RELIEF – PAGE 1

1146(a), and Bankruptcy Rules 2002, 6004, and 9014 filed Dorado Beckville Partners I, L.P. ("Beckville," "Debtor," or "Seller"). Having held a hearing on July 3, 2008, (the "Sale Hearing") and considered the pleadings, the Purchase and Sale Agreement by and between Beckville and Chesapeake Exploration, LLC ("Chesapeake") and any exhibits thereto (collectively, the "Chesapeake PSA"),[2] the Purchase and Sale Agreement by and between Beckville and Encana Oil & Gas (USA) Inc. ("Encana") and any exhibits thereto (collectively, the "Encana PSA"),[3] and the Purchase and Sale Agreement by and between Beckville and NFR East Texas Basin, LLC ("NFR") and any exhibits thereto (collectively, the "NFR PSA," and together with the Chesapeake PSA and the Encana PSA, the "PSAs"),[4] and the arguments of counsel made and evidence submitted, proffered, or adduced at the Sale Hearing,[5] after due deliberation and good and sufficient cause, the Court, for the oral reasons assigned in open court on July 3, 2008, granted the Sale Motion and approved the sales pursuant to the Chesapeake PSA and the NFR PSA (the "Sales"). The Court hereby issues these written FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER (A) APPROVING PURCHASE AND SALE AGREEMENT, (B) AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS, (C) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (D) GRANTING RELATED RELIEF ("Findings and Conclusions") to supplement the oral findings made in open court, which shall, together with the oral findings and reasons announced in open

---

[2] A copy of the Chesapeake PSA is found as Exhibit A behind docket number 239.
[3] A copy of the Encana PSA is found as Exhibit B behind docket number 239.
[4] A copy of the NFR PSA is found as Exhibit C behind docket number 239.
[5] All capitalized terms not defined herein shall be given the meaning ascribed to them in the Sale Motion, the Chesapeake PSA, the Encana PSA, or the NFR PSA (as the case may be).

court constitute findings of fact and conclusions of law pursuant to Rule 7052 Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), made applicable to this proceeding by Rule 9014.

*Jurisdiction, Final Order, and the Predicates for Relief*

A. This Court has jurisdiction to hear and to determine the Sale Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue of this case and of the Sale Motion is proper herein under 28 U.S.C. §§ 1408 and 1409.

B. The predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 363(b), (f), and (m), 1146(a), and Bankruptcy Rules 2002, 6004, and 9014.

*Retention of Jurisdiction*

C. This Court shall retain exclusive jurisdiction to interpret and to enforce the provisions of the PSAs, the *Order (A) Authorizing and Scheduling Public Auction for the Sale of Leasehold and Related Property Free and Clear of All Liens, Claims, and Encumbrances and (B) Approving Bid Procedures and the Form and Manner of Notice Thereof* [Docket No. 176] (the "Bid Procedures Order"), and the order to be issued contemporaneously herewith (the "Order") in all respects and further to hear and determine any and all disputes between Beckville and Chesapeake, Beckville and Encana, and Beckville and NFR (Chesapeake, Encana, and NFR shall be collectively, the "Purchasers"), including, without limitation, compelling actual payment by the Purchasers of the consideration for the assets to be purchased or otherwise liquidated pursuant to and under the PSAs (collectively, the "Assets") and in accordance with the Order and compliance by the Purchasers (including their officers, employees and agents) with the terms of the Order and the PSAs, the Sales and delivery of the Assets to the Purchasers, protecting the

Purchasers against any liens, claims, interests, obligations, and encumbrances against the Assets; provided, however, if the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction regarding the PSAs, the Bid Procedures Order, or the Order, such abstention, refusal, or lack of jurisdiction shall have no effect on, and shall not control, prohibit, or limit the exercise of jurisdiction of any other court having competent jurisdiction with any such matter nor will such abstention, refusal, or lack of jurisdiction in any way limit the Court's jurisdiction on enforcement of other matters under the Order.

### *Marketing Efforts*

D.  As part of its comprehensive plan to maximize value of its estate for the creditors thereof, on or around April 2, 2008, Beckville identified 280 sales prospects and, out of the 280 prospects, began marketing all of its assets to thirty (30) qualified purchasers. These qualified purchasers are companies that have been and are active in buying oil and gas properties in East Texas. These qualified purchasers received an "executive summary" describing the Beckville Wells for sale and certain confidential information. In addition, Beckville advertised its offer to sell the Beckville Wells in The Petroleum Listing Service ("PLS"), a bi-monthly publication designed for landmen, geologists, and exploration executives interested in oil and gas properties that has a circulation of over 2300 subscribers, in the May 2, 2008, May 19, 2008, June 2, 2008, and June 19, 2008, publications. Beckville has also established a physical and online data room. Twenty-six (26) interested parties had access to the online data room, and sixteen (16) interested parties visited the physical data rooms in Dallas and Houston, Texas.

*Bankruptcy Filing and Notice of Proposed Sale*

E. On April 15, 2008 (the "Petition Date"), Beckville filed its Voluntary Petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* ("Bankruptcy Code").

F. Beckville continues to operate and to manage its business as a "debtor in possession" pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case pursuant to section 1104 of the Bankruptcy Code.

G. On May 7, 2008, Beckville filed with this Court its *Motion for Order (A) Authorizing and Scheduling Public Auction for the Sale of Leasehold and Related Property Free and Clear of All Liens, Claims, and Encumbrances, and (B) Approving Bid Procedures and the Form and Manner of Notice Thereof* [Docket No. 82] (the "Bid Procedures Motion").

H. This Court orally approved the Bid Procedures Motion and the Bid Procedures (as defined therein) on May 29, 2008, and then entered the Bid Procedures Order on June 6, 2008. Also on June 6, 2008, by first-class, postage-prepaid, U.S. Mail, Beckville served the (i) *Amended Notice of (A) Public Auction to Solicit Bids for the Sale of Leasehold and Related Property Free and Clear of Liens, Claims, and Encumbrances, (B) Procedures for the Submission of Qualifying Bids, and (C) Sale Hearing,* the Bid Procedures; (ii) Bid Procedures Order; and (iii) Bid Procedures on the following: (a) all parties on the Service List (as defined in the *Order Establishing Notice Procedures and Limiting Notice* [Docket No. 48], the "Service List"); (b) counsel to the Debtor's secured lender, (c) federal, state, and local regulatory and taxing authorities that are reasonably ascertainable by Beckville to have a known interest in the Assets, (d) those parties identified by Beckville as potential purchasers of the Assets, (e) any and

all non-Debtor counterparties to executory contracts and unexpired leases being assumed or rejected in connection with the Sale, and (f) any party who claims an interest in the any of the Assets, including holders of alleged mechanics' and materialmen's liens.

### *The Auction*

I. Notice of the Sale Motion, the Auction, the Sale Hearing, and the Bid Procedures was given in accordance with Bankruptcy Rules 2002 and 6004 and the Bid Procedures Order. Such notice constitutes good and sufficient notice of the Sale Motion, the Auction, the Sales, the Sale Hearing, and the Bid Procedures under the circumstances, and no other or further notice of the Sale Motion, the Auction, the Sales, the Sale Hearing, the Bid Procedures or entry of this Order is required or need be given.

J. A reasonable opportunity has been afforded any interested party to make a higher and/or better offer for the Assets at the Auction or otherwise.

K. On July 1, 2008, Beckville conducted the Auction. The Auction was non-collusive, fair, reasonable, and conducted in good faith.

L. Emergent circumstances and sound business reasons exist for the Sales. Beckville's execution of the PSAs and consummation of the transactions contemplated thereby constitute an exercise by Beckville of sound business judgment, and such acts are in the best interests of Beckville, its estate, and creditors thereof.

M. The NFR PSA and the Chesapeake PSA represent the highest and/or best offers received by Beckville for the Assets at the Auction.

N. Chesapeake was selected by Beckville to be the Successful Bidder (as defined in the Bid Procedures Order) for the assets described in the Chesapeake PSA. Encana was selected

by Beckville to be the Successful Back-Up Bidder (as defined in the Bid Procedures Order) for the assets described in the Encana PSA.[6] If Beckville does not close the Sale outlined in the Chesapeake PSA, it is hereby authorized to close the Sale outlined in the Encana PSA without further order of this Court.

O. NFR was selected by Beckville to be the Successful Bidder (as defined in the Bid Procedures Order) for the assets described in the NFR PSA.[7]

P. The sale consideration to be realized by Beckville pursuant to each PSA is fair and reasonable.

Q. The transactions contemplated by the PSAs were/are undertaken by Beckville and the Purchasers at arm's length and without collusion. Accordingly, the Purchasers are good-faith purchasers of the Assets within the meaning of section 363(m) of the Bankruptcy Code, and such parties are entitled to the protections of section 363(m) of the Bankruptcy Code. Except for those liabilities expressly assumed by the Purchasers in the PSAs, the Purchasers are not assuming any liabilities of Beckville.

R. A sale of the Assets other than one free and clear of all liens, claims, encumbrances, and interests (collectively, the "Liens") would adversely affect Beckville's bankruptcy estate by resulting in substantially less benefit to the estate and the creditors thereof.

S. Certain taxing authorities (collectively, the "Taxing Authorities") and other creditors and/or parties-in-interest filed or otherwise asserted objections to the Sale Motion that have been resolved by this Order, withdrawal, or agreement.

---

[6] The assets described in the Chesapeake PSA and the Encana PSA are commonly known and referred to as the "Haynesville Formation."

[7] The assets described in the NFR PSA are commonly known and referred to as the "Cotton Valley Formation."

T. The Sales constitute in the aggregate, the sale of substantially all of Beckville's assets and a transfer for reasonably equivalent value and fair consideration.

U. The parties asserting liens, claims or encumbrances to the Assets sold pursuant to the PSAs hold interests, if at all, that are liens against one or more of the Assets. The price at which the Assets are to be sold is greater than the aggregate value of all liens on the Assets. Further, all parties asserting a lien, claim or encumbrance could be compelled to accept a money satisfaction of such interest. The Sales of the Assets as proposed by the Sale Motion and the PSA's therefore are found to be in compliance with section 363(f) of the Bankruptcy Code, and pursuant to section 363(f) of the Bankruptcy Code, the Sales of the Assets shall be free and clear of liens, claims, encumbrances, and interests, whether known or unknown, including, without limitation, any of Beckville's creditors, vendors, suppliers, employees, executory-contract counterparties or lessors, and all such **valid and unavoidable liens, claims, encumbrances, and interests** (including in particular, and except as set forth herein, those of the Lenders and the applicable Taxing Authorities) shall transfer and attach to the proceeds of the Sales with the same nature, validity, priority, force, effect and/or extent that such liens, claims, encumbrances, and interests had on any or all of the Assets immediately prior to the Closing of the Sales. The Purchasers shall not be liable in any way (as successor entity or otherwise) for any claims that any of the foregoing parties or any other third party may have against Beckville, except as expressly assumed under the PSAs. Beckville reserves its right to challenge the validity, priority, force, effect, and/or extent of any such lien claimed or asserted in or to the proceeds of the Sales.

*The Sale Order to Be Issued Herewith*

V. The Order to be issued herewith upon these Findings and Conclusions (the "Order" or "Sale Order") shall constitute a final and appealable order within the meaning of 28 U.S.C. § 158(a), and shall be effective and enforceable immediately upon entry notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules, including Bankruptcy Rules 6004(h) or 9021. The Order shall as well be self-executing. Finally, to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure ("FRCP"), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in implementing the Order and that the Order shall by these Findings and Conclusions be and hereby is certified as a final order pursuant to FRCP Rule 54(b) and Bankruptcy Rule 7054. The Sale Order shall be immediately executory upon entry notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules, including Bankruptcy Rules 6004(h), and the provisions of the Order shall be self-executing.

*The Sales and Authority of Beckville to Close the Sales Pursuant to Section 363(b)*

W. Beckville is authorized to execute the PSAs and to sell the Assets to the Purchasers on the terms and subject to the conditions set forth in the PSAs, with such modifications or amendments as may be agreed to by the parties. The Closing Date pursuant to the PSAs, if not specified therein, shall be July 31, 2008 or such other date as the parties to such Closing shall agree. Beckville and the Purchasers are hereby authorized to take all actions and execute all documents and instruments that Beckville and the Purchasers deem necessary or appropriate to implement and effectuate the transactions contemplated by the PSAs.

X. Upon the Closing of the Sales, and the actual receipt by Beckville of the Sale proceeds pursuant to the PSAs and the Order, each creditor of Beckville shall be authorized and directed to execute such documents and take all other action as may be necessary to release its liens on or security interest in the Assets, as may have been recorded or may otherwise exist. Beckville shall be hereby authorized to file, register, or otherwise record this Order with any and all local and state taxing and other governmental authorities. The Order shall constitute due and sufficient evidence that, upon the Closing, all liens, claims, interests, and encumbrances against the Assets prior to and through the Closing Date are hereby unconditionally released, discharged, and terminated.

### *Submission of These Findings and Conclusions*

Y. The Court has expressly authorized the submission of these Findings and Conclusions by counsel for Beckville, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the oral ruling granting the Sale Motion in open court on July 3, 2008. The Court has further expressly authorized the submission of the Sale Order by counsel for Beckville.

### # # # End of Findings and Conclusions # # #

Submitted and prepared by:

Richard M. Roberson (TX 16993800)
Marcus A. Helt (TX 24052187)
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

COUNSEL TO DEBTOR DORADO BECKVILLE PARTNERS I, L.P.

ORDER (A) APPROVING PURCHASE AND SALE AGREEMENT,
(B) AUTHORIZING THE SALE OF ASSETS OUTSIDE THE ORDINARY COURSE OF
BUSINESS, (C) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF ALL
LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (D) GRANTING RELATED RELIEF – PAGE 10

1948515v.2