U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 29, 2008** **United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11 Case** |
| | § | |
| **DORADO BECKVILLE PARTNERS I,** | § | **Case No. 08-31796-BJH-11** |
| **L.P.,** ***et al.***,[1] | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION FOR DORADO BECKVILLE PARTNERS I, L.P. AND DORADO OPERATING, INC., DEBTORS AND DEBTORS-IN-POSSESSION**

On August 21, 2008, the Court held a hearing to consider approval of the Disclosure Statement [Docket No. 294] and Second Amended Plan of Reorganization [Docket No. 429] (the “Second Amended Plan”) filed by Dorado Beckville Partners I, L.P. and Dorado Operating, Inc. (collectively, the “Debtors”). Based on the evidence and

[1] Capitalized terms shall have the meanings set forth in these Findings of Fact and Conclusions of Law or if not defined therein, such terms shall have the meaning ascribed to them in the Amended Plan unless the context otherwise requires.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION FOR DORADO BECKVILLE PARTNERS I, L.P. AND DORADO OPERATING, INC., DEBTORS AND DEBTORS-IN-POSSESSION**
**PAGE 1 OF 12**

2353051.3

argument presented at the hearing, the Court hereby makes these Findings of Fact and Conclusions of Law ("Findings and Conclusions"), pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Court finds and concludes as follows:

1. This Court has jurisdiction to hear and determine the approval of the Disclosure Statement and confirmation of the Second Amended Plan pursuant to 11 U.S.C. § 157 and 1334. This matter is core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (L).

2. On April 15, 2008 (the "Petition Date") the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Each of the Debtors are affiliates, as such term is defined in 11 U.S.C. § 101(2) and used in 28 U.S.C. § 1408(2), and each of the Debtors conducts its business as a debtor and debtor-in-possession. The principal place of business of each Debtor is in Texas, with its principal office in Dallas, Texas. Accordingly, venue in the Northern District of Texas is proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §1408. Pursuant to section 1121 of the Bankruptcy Code, the Debtors were authorized to file the Second Amended Plan.

3. The Second Amended Plan, reduced to basics, provides for the payment in full, in cash, of all Allowed Claims. Accordingly, in evaluating the adequacy of the disclosures in the Disclosure Statement, the Court fundamentally must determine if it discloses that the Debtors have sufficient cash to fully pay the Allowed Claims. The Court concludes the Disclosure Statement contains adequate information and complies

with the Bankruptcy Code. Accordingly, the Court finds that it should be approved.

    4.    **Section 1129(a)(1) – Compliance of the Second Amended Plan with Applicable Provisions of the Bankruptcy Code.**

The Second Amended Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122, 1123 and 1125 of the Bankruptcy Code.

    a.    **Sections 1122 and 1123(a)(1)-(4) – Classification and Treatment of Claims and Interests.**

Pursuant to section 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Second Amended Plan designates Classes of Claims and Interests, other than Administrative Claims, Priority Tax Claims and Administrative Fees. As required by section 1122(a), each Class of Claims and Interests for each Debtor contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class for such Debtor. The Second Amended Plan contains twelve (12) Classes of Claims and Interests, designated as Classes 1 through 12. Such classification is proper under section 1122(a) of the Bankruptcy Code because such Claims and Interests have differing rights among each other and against the Debtors' assets or differing interests in the Debtors. Pursuant to section 1123(a)(2) of the Bankruptcy Code, Article IV of the Second Amended Plan specifies that all Classes of Claims and Interests are unimpaired under the Second Amended Plan. Pursuant to section 1123(a)(3) of the Bankruptcy Code, Article V of the Second Amended Plan specifies the treatment of all Claims and Interests under the Second Amended Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article V of the Second Amended Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the Holder of such Claim or Interest agrees to

less favorable treatment of their Claim or Interest. The Second Amended Plan therefore complies with sections 1122 and 1123(a)(1)-(4) of the Bankruptcy Code.

> **b. Section 1123(a)(5) – Adequate Means for Implementation of the Second Amended Plan.**

Articles VII and VIII and various other provisions of the Second Amended Plan provide adequate means for the Second Amended Plan's implementation. Those provisions relate to, among other things: (i) the reorganization and continued existence of the Debtors; (ii) the vesting of certain assets in the Reorganized Debtors; (iii) the management and direction of the Reorganized Debtors; (iv) the procedures for resolving disputed, contingent and unliquidated Claims against the Debtors and the distribution of Cash to Holders of Allowed Claims and Interests entitled to receive such distributions under the Second Amended Plan.

> **c. Section 1123(a)(7) – Selection of Directors and Officers in a Manner Consistent with the Interest of Creditors and Equity Security Holders and Public Policy.**

Article IX, Section O, Subpart 3 of the Second Amended Plan provides for the management, control and operation of each Reorganized Debtor. The existing boards of directors, the general partner or other equivalent bodies of each of the Debtors shall continue to serve in their current capacities after the Effective Date. The classification and composition of the boards of directors, general partner or equivalent bodies of such Debtors shall be consistent with their respective constituent documents. Each such director, general partner or equivalent Person shall serve from and after the Effective Date in accordance with applicable non-bankruptcy law and the terms of the relevant Debtors' constituent documents. Article IX, Section O, Subpart 3 of the Second

Amended Plan is consistent with the interests of creditors, equity security holders and public policy and, therefore, complies with section 1123(a)(7) of the Bankruptcy Code.

        **d.**      **Section 1123(b)(1)-(2) – Unimpairment of Claims and Interests and Assumption, Assumption and Assignment or Rejection of Excecutory Contracts and Unexpired Leases.**

In accordance with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Second Amended Plan, each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired under the Second Amended Plan pursuant to 11 U.S.C. § 1124, and therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Second Amended Plan pursuant to 11 U.S.C. § 1126(f). In accordance with 1123(b)(2) of the Bankruptcy Code, Article VI of the Second Amended Plan provides for the rejection of executory contracts and unexpired leases of the Debtors that have not been previously assumed, assumed and assigned or rejected pursuant to section 365 of the Bankruptcy Code and appropriate authorizing orders of the Court. The Second Amended Plan therefore complies with sections 1123(b)(1)-(2) of the Bankruptcy Code.

        **e.**      **Section 1123(b)(5) – Modification of the Rights of Holders of Claims.**

Article V of the Second Amended Plan leaves unaffected the rights of holders of each Class of Claims, and therefore, the Second Amended Plan is in compliance with section 1123(b)(5) of the Bankruptcy Code.

        **f.**      **Section 1123(b)(6) – Other Provisions Not Inconsistent with Applicable Provisions of the Bankruptcy Code.**

The Second Amended Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, but not limited to: (i) the provisions of Articles VII and VIII of the Second Amended Plan

regarding the means for implementing the Second Amended Plan; (ii) the provisions of Article VI of the Second Amended Plan governing the assumption, assumption and assignment or rejection of executory contracts and unexpired leases; (iii) the provisions of Article VII, Section A, Subpart 2 of the Second Amended Plan governing distributions on account of Allowed Claims and Interests; (iv) the provisions of Article VIII of the Second Amended Plan governing Disputed Claims; (v) the provisions of Article IX of the Second Amended Plan regarding the injunction, exculpation and release with respect to Claims and Interests treated under the Second Amended Plan; and (vi) the provisions of Article X of the Second Amended Plan regarding retention of jurisdiction by the Court over certain matters after the Effective Date. The Second Amended Plan is therefore in compliance with section 1123(b)(6) of the Bankruptcy Code.

    g.  **Section 1125 – Solicitation in Good Faith.**

Pursuant to section 1125 of the Bankruptcy Code, the Second Amended Plan was solicited in good faith and not by any means forbidden by law, and no unauthorized solicitations were made.

  5.  **Section 1129(a)(2) – Compliance with Applicable Provisions of the Bankruptcy Code.**

The Debtors, as the proponents of the Second Amended Plan, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including, but not limited to, section 1125(e) of the Bankruptcy Code and Bankruptcy Rules 3016 and 3017. The Second Amended Plan therefore complies with section 1129(a)(2) of the Bankruptcy Code.

6. **Section 1129(a)(3) – Proposal of the Second Amended Plan in Good Faith.**

The Debtors have proposed the Second Amended Plan in good faith and not by means forbidden by law. In determining that the Second Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Second Amended Plan. Based on the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Second Amended Plan has been proposed with the legitimate purpose of reorganizing the Debtors' estates while maximizing the returns available to creditors of the Debtors.

7. **Section 1129(a)(4) – Bankruptcy Court Approval of Certain Payments as Reasonable.**

a. Article II, Section A, Subpart 1 of the Second Amended Plan provides that the Debtors shall pay all amounts owing to Professional Persons for all Allowed Fee Claims relating to prior periods and for the period within which the Effective Date occurs. Article II, Section A, Subpart 1 of the Second Amended Plan provides that Professional Persons shall file applications for final allowance of Fee Claims not later than sixty (60) days after the Effective Date. Objections to such applications may be filed pursuant to the procedures set forth in Article II, Section A, Subpart 1 of the Second Amended Plan. The Court will review the reasonableness of such applications under section 328 and 330 of the Bankruptcy Code and any applicable case law. Pursuant to previous orders entered in the Chapter 11 Cases, the Court has authorized periodic payment of fees and expenses of Professional Persons incurred in

connection with the Chapter 11 Cases. All such fees and expenses, however, remain subject to final review for reasonableness by the Court. Upon the Effective Date, any requirement that Professional Persons comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate.

      **b.** In connection with the foregoing, Article X, Section 1 of the Second Amended Plan provides that the Court will retain jurisdiction after the Effective Date to hear and determine, among other things, all Claims for and objections to requests for Fee Claims.

      **c.** In light of the foregoing, the Second Amended Plan complies with section 1129(a)(4) of the Bankruptcy Code.

8. **Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy.**

Article IX, Section O, Subpart 3 of the Second Amended Plan provides that on and after the Effective Date, the Reorganized Debtors will be managed, controlled and operated by the existing boards of directors, the general partner or other equivalent bodies of each of the Debtors. Compensation of these individuals will be provided in accordance with applicable non-bankruptcy law as provided by Article IX, Section O, Subpart 3 of the Amended Plan and the testimony at the confirmation hearing. The Second Amended Plan therefore complies with Section 1129(a)(5) of the Bankruptcy Code.

9. **Section 1129(a)(6) – Approval of Rate Changes.**

The Second Amended Plan does not provide for any rate change regarding rates governed by any regulatory commission with jurisdiction that has or will have jurisdiction. Therefore, the provisions of section 1129(a)(6) do not apply to the Second Amended Plan.

10. **Section 1129(a)(7) – Best Interests of Holders of Claims and Interests.**

Each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired under the Second Amended Plan pursuant to 11 U.S.C. § 1124. Each Holder of an Allowed Claim will be paid in full and each Holder of an Allowed Interest will retain its interest. Therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Second Amended Plan pursuant to 11 U.S.C. § 1126(f). The Second Amended Plan is in the best interests of Holders of Claims and Interests and therefore complies with section 1129(a)(7) of the Bankruptcy Code.

11. **Section 1129(a)(8) – Acceptance of the Second Amended Plan.**

Each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired under the Second Amended Plan pursuant to 11 U.S.C. § 1124, and therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Second Amended Plan pursuant to 11 U.S.C. § 1126(f). The Second Amended Plan therefore complies with section 1129(a)(8) of the Bankruptcy Code.

12. **Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

    a.  Article II of the Second Amended Plan provides for treatment of

Administrative Claims, Priority Tax Claims and Statutory Fees, subject to certain bar date provisions consistent with Bankruptcy Rules 3002 and 3003, in the manner required by section 1129(a)(9) of the Bankruptcy Code.

    b. Except as set forth in Paragraph 22 of the Confirmation Order (regarding a stipulation for treatment of 2008 *ad valorem* taxes), each allowed Holder of an Allowed Administrative Claim will receive on account of such Allowed Claim and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim, (i) Cash equal to the unpaid portion of such Allowed Claim, or (ii) such other treatment to which the Debtors and the Holder of such Allowed Claim have agreed upon in writing.

    c. In light of the foregoing, the Second Amended Plan complies with section 1129(a)(9) of the Bankruptcy Code.

13. **Section 1129(a)(10) – Acceptance by at Least One Impaired Non-Insider Class.**

The Second Amended Plan has no impaired Class of Claims or Interests. Therefore, section 1129(a)(10) does not apply to the Second Amended Plan.

14. **Section 1129(a)(11) – Feasibility of the Second Amended Plan.**

The evidence establishes that the Debtors each have on hand or will receive pursuant to the Second Amended Plan cash sufficient to pay in full all Allowed Claims. Thus, the Second Amended Plan is feasible. The Second Amended Plan is not likely to be followed by any liquidation or the need for further financial reorganization of the Debtors, their Estates or the Reorganized Debtors. The Second Amended Plan therefore complies with section 1129(a)(11) of the Bankruptcy Code.

15. **Section 1129(a)(12) - Payment of Bankruptcy Fees.**

Article II, Section C provides that all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) shall be paid in full, in Cash. The Second Amended Plan therefore complies with Section 1129(a)(12) of the Bankruptcy Code.

16. **Section 1129(a)(13) – Retiree Benefits.**

The Debtors are either not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) or the Second Amended Plan leaves unchanged the obligation to pay such retiree benefits, and thus the Second Amended Plan is in compliance with section 1129(a)(13) of the Bankruptcy Code.

17. **Section 1129(b) – The Second Amended Plan is Fair and Equitable.**

Because each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired, and therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Second Amended Plan, Section 1129(b) is not applicable.

18. **Section 1129(d) – Purpose of the Second Amended Plan.**

The primary purpose of the Second Amended Plan is neither avoidance of taxes nor avoidance of the requirements of Section 5 of the Securities Act, and there has been no objection filed by any governmental unit asserting such avoidance. The Second Amended Plan therefore complies with section 1129(d) of the Bankruptcy Code.

19. **Conditions to Confirmation.**

Each condition precedent to the Confirmation Date, as set forth in Article IX, Section C of the Second Amended Plan has been satisfied.

20. The Court has expressly authorized the submission of these Findings and Conclusions by Counsel for the Debtors, has independently reviewed these Findings and

Conclusions and has determined that they should be issued to supplement the Confirmation Order. If there is any inconsistency between these Findings of Fact and Conclusions of Law and the Confirmation Order, the Confirmation Order shall control.

### ### END OF FINDINGS AND CONCLUSIONS ###

Submitted and prepared by:

| | |
|---|---|
| Richard M. Roberson (TX 16993800) | George H. Tarpley (TX 19648000) |
| Marcus A. Helt (TX 24052187) | Mark E. Andrews (TX 01253520) |
| GARDERE WYNNE SEWELL LLP | M. Jermaine Watson (TX 24063055) |
| 1601 Elm Street, Suite 3000 | COX SMITH MATTHEWS INCORPORATED |
| Dallas, Texas 75201-4761 | 1201 Elm Street, Suite 3300 |
| Telephone: 214.999.3000 | Dallas, Texas 75270 |
| Facsimile: 214.999.4667 | Telephone: 214.698.7800 |
| | Facsimile: 214.698.7899 |
| COUNSEL TO DEBTOR DORADO BECKVILLE PARTNERS I, L.P. | COUNSEL TO DEBTOR DORADO OPERATING, INC. |