

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described**.

**Signed February 17, 2009**                                                                 **United States Bankruptcy Judge**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 Case |
| | § | |
| DORADO BECKVILLE PARTNERS I, L.P., *et al.*,[1] | § § | Case No. 08-31796-BJH-11 |
| | § | (Jointly Administered) |
| Debtors. | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER APPROVING AMENDED DISCLOSURE STATEMENT AND CONFIRMING AMENDED PLAN OF REORGANIZATION FOR DORADO EXPLORATION INC., DEBTOR AND DEBTOR-IN-POSSESSION

On November 24, 2008, the Court held a hearing to consider approval of the Amended Disclosure Statement [Docket No. 488] and Plan of Reorganization [Docket No. 450] (the "Plan") filed by Dorado Exploration Inc. (the "Debtor"). At the November 24, 2008 hearing, the Debtor announced immaterial modifications to the Plan which are embodied in the amended Plan [Docket No. 594] (the "Amended Plan"). Based upon the

---

[1] Capitalized terms shall have the meanings set forth in these Findings of Fact and Conclusions of Law or if not defined therein, such terms shall have the meaning ascribed to them in the Amended Plan unless the context otherwise requires.

evidence and argument presented at the hearing, the Court hereby makes these Findings of Fact and Conclusions of Law ("Findings and Conclusions"), pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Court finds and concludes as follows:

1. This Court has jurisdiction to hear and determine the approval of the Amended Disclosure Statement and confirmation of the Amended Plan pursuant to 11 U.S.C. § 157 and 1334. This matter is core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (L).

2. On May 19, 2008 (the "Petition Date") the Debtor commenced its reorganization Case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtor conducts its business as a debtor and debtor-in-possession. The principal place of business of the Debtor is in Texas, with its principal office in Dallas, Texas. Accordingly, venue in the Northern District of Texas is proper as of the Petition Date and continues to be proper pursuant to 28 U.S.C. §1408. Pursuant to section 1121 of the Bankruptcy Code, the Debtor was authorized to file the Amended Plan.

3. The Amended Plan, reduced to basics, provides for the payment in full, in cash, of all Allowed Claims. Accordingly, in evaluating the adequacy of the disclosures in the Amended Disclosure Statement, the Court fundamentally must determine if it discloses that the Debtor has sufficient cash to fully pay the Allowed Claims. The Court concludes the Amended Disclosure Statement contains adequate information and complies with the Bankruptcy Code. Accordingly, the Court finds that it should be approved.

4. **Section 1129(a)(1) – Compliance of the Amended Plan with Applicable Provisions of the Bankruptcy Code.**

The Amended Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122, 1123 and 1125 of the Bankruptcy Code.

a. **Sections 1122 and 1123(a)(1)-(4) – Classification and Treatment of Claims and Interests.**

Pursuant to section 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Amended Plan designates Classes of Claims and Interests, other than Administrative Claims, Priority Tax Claims and Administrative Fees. As required by section 1122(a), each Class of Claims and Interests for the Debtor contains only Claims or Interests that are substantially similar to the other Claims or Interests within that Class for the Debtor. The Amended Plan contains twelve (12) Classes of Claims and Interests, designated as Classes 1 through 12. Such classification is proper under section 1122(a) of the Bankruptcy Code because such Claims and Interests have differing rights among each other and against the Debtor's assets or differing interests in the Debtor. Pursuant to section 1123(a)(2) of the Bankruptcy Code, Article IV of the Amended Plan specifies that all Classes of Claims and Interests are unimpaired under the Amended Plan. Pursuant to section 1123(a)(3) of the Bankruptcy Code, Article V of the Amended Plan specifies the treatment of all Claims and Interests under the Amended Plan. Pursuant to section 1123(a)(4) of the Bankruptcy Code, Article V of the Amended Plan also provides the same treatment for each Claim or Interest within a particular Class, unless the Holder of such Claim or Interest agrees to less favorable treatment of their Claim or Interest.

The Amended Plan therefore complies with sections 1122 and 1123(a)(1)-(4) of the Bankruptcy Code.

      **b.    Section 1123(a)(5) – Adequate Means for Implementation of the Amended Plan.**

Articles VII and VIII and various other provisions of the Amended Plan provide adequate means for the Amended Plan's implementation. Those provisions relate to, among other things: (i) the reorganization and continued existence of the Debtor; (ii) the vesting of certain assets in the Reorganized Debtor; (iii) the management and direction of the Reorganized Debtor; (iv) the procedures for resolving disputed, contingent and unliquidated Claims against the Debtor and the distribution of Cash to Holders of Allowed Claims and Interests entitled to receive such distributions under the Amended Plan.

      **c.    Section 1123(a)(7) – Selection of Directors and Officers in a Manner Consistent with the Interest of Creditors and Equity Security Holders and Public Policy.**

Article IX, Section O, Subpart 3 of the Amended Plan provides for the management, control and operation of the Reorganized Debtor. The existing board of directors of the Debtor shall continue to serve in its current capacity after the Effective Date. The classification and composition of the board of directors of the Debtor shall be consistent with its constituent documents. Each such director shall serve from and after the Effective Date in accordance with applicable non-bankruptcy law and the terms of the Debtor's constituent documents. Article IX, Section O, Subpart 3 of the Amended Plan is consistent with the interests of creditors, equity security holders and public policy and, therefore, complies with section 1123(a)(7) of the Bankruptcy Code.

    **d.**    **Section 1123(b)(1)-(2) – Unimpairment of Claims and Interests and Assumption, Assumption and Assignment or Rejection of Excecutory Contracts and Unexpired Leases.**

In accordance with section 1123(b)(1) of the Bankruptcy Code, Article IV of the Amended Plan, each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired under the Amended Plan pursuant to 11 U.S.C. § 1124, and therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Amended Plan pursuant to 11 U.S.C. § 1126(f). In accordance with 1123(b)(2) of the Bankruptcy Code, Article VI of the Amended Plan provides for the rejection of executory contracts and unexpired leases of the Debtor that have not been previously assumed, assumed and assigned or rejected pursuant to section 365 of the Bankruptcy Code and appropriate authorizing orders of the Court. The Amended Plan therefore complies with sections 1123(b)(1)-(2) of the Bankruptcy Code.

    **e.**    **Section 1123(b)(5) – Modification of the Rights of Holders of Claims.**

Article V of the Amended Plan leaves unaffected the rights of holders of each Class of Claims, and therefore, the Amended Plan is in compliance with section 1123(b)(5) of the Bankruptcy Code.

    **f.**    **Section 1123(b)(6) – Other Provisions Not Inconsistent with Applicable Provisions of the Bankruptcy Code.**

The Amended Plan includes additional appropriate provisions that are not inconsistent with applicable provisions of the Bankruptcy Code, including, but not limited to: (i) the provisions of Articles VII and VIII of the Amended Plan regarding the means for implementing the Amended Plan; (ii) the provisions of Article VI of the Amended Plan governing the assumption, assumption and assignment or rejection of

executory contracts and unexpired leases; (iii) the provisions of Article VII, Section A, Subpart 2 of the Amended Plan governing distributions on account of Allowed Claims and Interests; (iv) the provisions of Article VIII of the Amended Plan governing Disputed Claims; (v) the provisions of Article IX of the Amended Plan regarding the injunction, exculpation and release with respect to Claims and Interests treated under the Amended Plan; and (vi) the provisions of Article X of the Amended Plan regarding retention of jurisdiction by the Court over certain matters after the Effective Date. The Amended Plan is therefore in compliance with section 1123(b)(6) of the Bankruptcy Code.

### g. Section 1125 – Solicitation in Good Faith.

Pursuant to section 1125 of the Bankruptcy Code, the Amended Plan was solicited in good faith and not by any means forbidden by law, and no unauthorized solicitations were made.

### 5. Section 1129(a)(2) – Compliance with Applicable Provisions of the Bankruptcy Code.

The Debtor, as the proponent of the Amended Plan, has complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including, but not limited to, section 1125(e) of the Bankruptcy Code and Bankruptcy Rules 3016 and 3017. The Amended Plan therefore complies with section 1129(a)(2) of the Bankruptcy Code.

### 6. Section 1129(a)(3) – Proposal of the Amended Plan in Good Faith.

The Debtor has proposed the Amended Plan in good faith and not by means forbidden by law. In determining that the Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the

formulation of the Amended Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Amended Plan has been proposed with the legitimate purpose of reorganizing the Debtor's Estate while maximizing the returns available to creditors of the Debtor.

7. **Section 1129(a)(4) – Bankruptcy Court Approval of Certain Payments as Reasonable.**

a. Article II, Section A, Subpart 1 of the Amended Plan provides that the Debtor shall pay all amounts owing to Professional Persons for all Allowed Fee Claims relating to prior periods and for the period within which the Effective Date occurs. Article II, Section A, Subpart 1 of the Amended Plan provides that Professional Persons shall file applications for final allowance of Fee Claims not later than sixty (60) days after the Effective Date. Objections to such applications may be filed pursuant to the procedures set forth in Article II, Section A, Subpart 1 of the Amended Plan. The Court will review the reasonableness of such applications under section 328 and 330 of the Bankruptcy Code and any applicable case law. Upon the Effective Date, any requirement that Professional Persons comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after such date will terminate.

b. In connection with the foregoing, Article X, Section 1 of the Amended Plan provides that the Court will retain jurisdiction after the Effective Date to hear and determine, among other things, all Claims for and objections to requests for Fee Claims.

      c.      In light of the foregoing, the Amended Plan complies with section 1129(a)(4) of the Bankruptcy Code.

8. **Section 1129(a)(5) – Disclosure of Identity of Proposed Management, Compensation of Insiders and Consistency of Management Proposals with the Interests of Creditors and Public Policy.**

Article IX, Section O, Subpart 3 of the Amended Plan provides that on and after the Effective Date, the Reorganized Debtor will be managed, controlled and operated by the existing board of directors of the Debtor. Compensation of these individuals will be provided in accordance with applicable non-bankruptcy law as provided by Article IX, Section O, Subpart 3 of the Amended Plan and the testimony at the confirmation hearing. The Amended Plan therefore complies with Section 1129(a)(5) of the Bankruptcy Code.

9. **Section 1129(a)(6) – Approval of Rate Changes.**

The Amended Plan does not provide for any rate change regarding rates governed by any regulatory commission with jurisdiction that has or will have jurisdiction. Therefore, the provisions of section 1129(a)(6) do not apply to the Amended Plan.

10. **Section 1129(a)(7) – Best Interests of Holders of Claims and Interests.**

Each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired under the Amended Plan pursuant to 11 U.S.C. § 1124. Each Holder of an Allowed Claim will be paid in full and each Holder of an Allowed Interest will retain its interest. Therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Amended Plan pursuant to 11 U.S.C. § 1126(f). The Amended Plan is in the best interests of Holders of Claims and Interests and therefore complies with section 1129(a)(7) of the Bankruptcy Code.

11. **Section 1129(a)(8) – Acceptance of the Amended Plan.**

Each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired under the Amended Plan pursuant to 11 U.S.C. § 1124, and therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Amended Plan pursuant to 11 U.S.C. § 1126(f). The Amended Plan therefore complies with section 1129(a)(8) of the Bankruptcy Code.

12. **Section 1129(a)(9) – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code.**

   a. Article II of the Amended Plan provides for treatment of Administrative Claims, Priority Tax Claims and Statutory Fees, subject to certain bar date provisions consistent with Bankruptcy Rules 3002 and 3003, in the manner required by section 1129(a)(9) of the Bankruptcy Code.

   b. Holders of Allowed Administrative Claim and Priority Tax Claims will receive on account of such Allowed Claim and in full satisfaction, settlement, release and discharge of and in exchange for such Allowed Claim, (i) Cash equal to the unpaid portion of such Allowed Claim, or (ii) such other treatment to which the Debtor and the Holder of such Allowed Claim have agreed upon in writing.

   c. In light of the foregoing, the Amended Plan complies with section 1129(a)(9) of the Bankruptcy Code.

13. **Section 1129(a)(10) – Acceptance by at Least One Impaired Non-Insider Class.**

The Amended Plan has no impaired Class of Claims or Interests. Therefore, section 1129(a)(10) does not apply to the Amended Plan.

14.     **Section 1129(a)(11) – Feasibility of the Amended Plan.**

The evidence establishes that the Debtor has on hand or will receive pursuant to the Amended Plan cash sufficient to pay in full all Allowed Claims. Thus, the Amended Plan is feasible. The Amended Plan is not likely to be followed by any liquidation or the need for further financial reorganization of the Debtor, its Estate or the Reorganized Debtor. The Amended Plan therefore complies with section 1129(a)(11) of the Bankruptcy Code.

15.     **Section 1129(a)(12) - Payment of Bankruptcy Fees.**

Article II, Section C provides that all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6) shall be paid in full, in Cash. The Amended Plan therefore complies with Section 1129(a)(12) of the Bankruptcy Code.

16.     **Section 1129(a)(13) – Retiree Benefits.**

The Debtor is either not obligated to pay retiree benefits (as defined in section 1114(a) of the Bankruptcy Code) or the Amended Plan leaves unchanged the obligation to pay such retiree benefits, and thus the Amended Plan is in compliance with section 1129(a)(13) of the Bankruptcy Code.

17.     **Section 1129(b) – The Amended Plan is Fair and Equitable.**

Because each Allowed Claim or Interest in Classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12 is unimpaired, and therefore Holders of those Allowed Claims and Interests are deemed to have accepted the Amended Plan, Section 1129(b) is not applicable.

18.     **Section 1129(d) – Purpose of the Amended Plan.**

The primary purpose of the Amended Plan is neither avoidance of taxes nor avoidance of the requirements of Section 5 of the Securities Act, and there has been no

objection filed by any governmental unit asserting such avoidance. The Amended Plan therefore complies with section 1129(d) of the Bankruptcy Code.

19. **Conditions to Confirmation.**

Each condition precedent to the Confirmation Date, as set forth in Article IX, Section C of the Amended Plan has been satisfied.

20. The Court has expressly authorized the submission of these Findings and Conclusions by Counsel for the Debtor, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the Confirmation Order. If there is any inconsistency between these Findings of Fact and Conclusions of Law and the Confirmation Order, the Confirmation Order shall control.

### END OF FINDINGS AND CONCLUSIONS ###

Submitted and prepared by:

Michael R. Rochelle
State Bar No. 17126700
Sean J. McCaffity
State Bar No. 24013122
Erin K. Lovall
State Bar No. 24032553
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile:  (214) 953-0185

COUNSEL TO DEBTOR
DORADO EXPLORATION INC.