Jeffrey R. Erler
Texas Bar No. 00796516
jeffe@bellnunnally.com
Heather H. Jobe
Texas Bar No. 24048825
heatherj@bellnunnally.com
Brad W. Odell
Texas Bar No. 24065839
brado@bellnunnally.com
BELL NUNNALLY & MARTIN LLP
1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204-2429
(214) 740-1400 Telephone
(214) 740-1499 Facsimile

ATTORNEYS FOR IMPACT EQUITY, LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| DORADO BECKVILLE PARTNERS, I, L.P., *et al.*, | § § § § | Case No. 08-31796-BJH-11 (Jointly Administered) |
| Debtors. | § | |

**MOTION TO RECONSIDER AND REISNTATE PORTION OF CLAIM, MODIFY THE DISCHARGE INJUNCTION, OR, ALTERNATIVELY, TO FILE LATE FILED CLAIM**

IMPACT EQUITY, LLC, ("Impact") files this its *Motion to Reconsider and Reinstate Portion of Claim, Modify the Discharge Injunction, or, Alternatively, to File Late Filed Claim* (the "Motion"), as follows:

**I.  FACTS**

1.  On or about May 19, 2008, Dorado Exploration Inc., Dorado Beckville Partners, I, L.P., and Dorado Operating, Inc. (collectively the "Debtors") filed a voluntary petition in bankruptcy under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On July 7, 2008, Impact sought relief from the automatic stay to appeal the state court judgment issued by the 192nd District Court for Dallas County, Texas in the case *Dorado Exploration, Inc. v. John V. Calce II, et al.*, Cause No. 06-07375 (the "State Court Judgment"). The State Court Judgment makes up the majority of Impact's claim.

3. Impact and Debtors reached an agreement, and on August 29, 2008, the Court entered an agreed order granting relief from the stay to allow Impact to appeal the State Court Judgment on September 15, 2008.

4. On September 16, 2008, Impact filed its proof of claim number 35-1.

5. On October 16, 2008, the Debtors sought leave from the Court to post a supersedeas bond to allow the Debtors to also appeal the State Court Judgment.

6. On December 9, 2008, the Court granted Debtors' motion for leave to post the supersedeas bond. In lieu of the supersedeas bond, Debtors deposited $1,300,286.30 in cash with the Dallas County district court clerk (the "Cash Deposit").

7. On August 29, 2008, and December 3, 2008, the Court confirmed the Debtors' Second Amended Plans of Reorganization (the "Plans"). The Plans provide that all creditors will be paid in full.

8. On or about January 15, 2009, Debtors filed objections to Impact's proof of claim.

9. On February 20, 2009, Impact filed its amended proof of claim number 35-2 (the "Amended Claim").

10. On March 13, 2009, Debtors moved for summary judgment on their objections to Impact's Amended Claim. On April 15, 2009, the Court held a hearing on the Debtors' motion for summary judgment.

11. The day of the summary judgment hearing, Impact withdrew Items 1-4, 13-16, and 19 of the Amended Claim, relating to the State Court Judgment which was on appeal. Impact agreed to look to the Cash Deposit posted in the state court for recovery on those items. At this time, the parties believed the Cash Deposit would be sufficient to pay Impact's claim as reflected in the trial court's judgment.

12. On April 29, 2009, the Court announced on the record its ruling granting summary judgment in favor of the Debtors.

13. On January 14, 2010, Impact filed a motion seeking clarification and correction of this Court's order granting partial summary judgment. On February 3, 2010, the Court denied Impact's motion seeking clarification.

14. On March 29, 2010, the Fifth District Court of Appeals issued its opinion regarding Impact's appeal of the State Court Judgment. The Fifth District Court of Appeals affirmed in part, and reversed and rendered in part. In particular, the Fifth District Court of Appeals upheld the judgment in favor of Impact against Dorado Exploration (the "Final Judgment").

15. Based on the affirmance, Impact became entitled under the Final Judgment to an award for its appellate attorneys' fees based on the successful appeal of the State Court Judgment. Because of the award of attorneys' fees included in the Final Judgment and the continuing accrual of post-judgment interest, the Cash Deposit is insufficient to pay Impact's claim in full.

## II. RELIEF REQUESTED

16. Impact files this Motion seeking to have the Court reconsider and reinstate the Impact's Amended Claim for Items 1-4, 13-16, and 19 pursuant to sections 105(a) and 502(j) of

the Bankruptcy Code in order to collect the difference between the Final Judgment and the Cash Deposit.

17. Further, Impact seeks for the Court to modify the discharge injunction to allow for Impact to seek payment of the difference between the Final Judgment and the Cash Deposit from the Debtors, and to pursue its other state law remedies for enforcing the Final Judgment and collecting the amount owed pursuant to it.

18. Alternatively, Impact seeks to have allowed a late filed claim in the amount of the difference between the Final Judgment and the Cash Deposit.

### III. ARGUMENTS AND AUTHORITIES

19. Section 502(j) provides that a court may reconsider for *cause* a claim that has been allowed or disallowed. 11 U.S.C. § 502(j). While the Bankruptcy Code does not define *cause*, section 502(j) provides "[a] reconsidered claim may be allowed or disallowed according to the equities of the case." *Id.* Several courts look to the standard in a Rule 60(b) motion for relief from a final judgment, order, or proceeding. *See, e.g., Colley v. Nat'l Bank of Texas (Matter of Colley)*, 814 F.2d 1008, 1010 (5th Cir. 1987) (interpreting Rule 9024 of the Federal Rules of Bankruptcy Procedure to require a showing of the normal Rule 60 standards in order to have a court reconsider a claim); *In re H.K. Porter Co., Inc.*, 156 B.R. 149, 150 (Bankr. W.D. Pa. 1993) (requiring the same).

20. To receive relief from a final judgment, order or proceeding, Rule 60(b) of the Federal Rules of Civil Procedure states that a court may grant relief from a final order for mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). Nonetheless, "the equities of the case" may not even require one of the reasons listed in Rule 60(b). *See Matter of*

*Colley*, 814 F.2d at 1010 (stating that movant failed to even generally assert cause as to why claim should be reconsidered).

21.  In this case, the Court should reconsider and reinstate Impact's claim. Impact's withdrawal of its claims was based on the mistaken belief that the Cash Deposit would cover the entire amount of the trial court's judgment. Tr. MSJ Hearing 78:1-6.[1] It appears that the Court believed, at the time of the summary judgment hearing, that the Cash Deposit would cover the Impact' claims in full. Tr. MSJ Hearing 25:13-15 ("The Judgment's been superceded. So, if you prevail on appeal, you're going to get paid."). Because of this mistake, the Court should reconsider and reinstate the Impact' claims. *See* 11 U.S.C. § 502(j); Fed. R. Civ. P. 60(b); *Matter of Colley*, 814 F.2d at 1010; *In re H.K. Porter*, 156 B.R. at 150.

22.  Moreover, the equities of this case require reconsideration and reinstatement of Impact's claim. Impact believed that its claim, reflected in the trial court's judgment, would be satisfied by the Cash Deposit. In fact, it appears all parties believed that Impact's claim, reflected in the trial court judgment, would be paid in full by the Cash Deposit. The purpose of posting a supersedeas bond or cash deposit is to assure the appellee will recover on its judgment if successful on appeal. *See* Tex. R. App. P. 24.2. Here, Impact was successful. It should be allowed the full amount of the Final Judgment. Because the Cash Deposit did not cover its claim in the entirety, Impact should be allowed to reinstate its claim against the Debtors, especially since Impact would have received 100% of its claim under the Debtors' Plans.

23.  If the Court decides not to reinstate Impact's claim, the Court should modify the discharge injunction to allow Impact to pursue the difference between the Final Judgment and the Cash Deposit in another forum. Bankruptcy courts have the power to modify the § 524

---

[1] A true and correct copy of the transcript of the hearing on Debtors' motion for summary judgment is attached hereto as Exhibit "A".

discharge injunction. *See Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 198 (7th Cir. 1993) ("[A]ny court that issues an injunction can modify it for good cause on the motion of a person adversely affected by it."); *In re Schultz*, 251 B.R. 823, 826 (Bankr. E.D. Tex. 2000); *see also F.D.I.C. v. Winterland (In re Winterland)*, 142 B.R. 289, 292 (C.D. Ill. 1992) ("Although § 524 does not have a provision parallel to that of § 362(d) allowing relief from an automatic stay, it is well settled that the injunction of § 524(a)(2) may be modified."). Modification of the discharge injunction should be granted whenever "'it is no longer equitable that the judgment should have prospective application.'" *Hendrix*, 986 F.2d at 198. In other words, when the principles of equity favor modification, a court should grant a party's motion to modify the § 524 discharge injunction. *Id.*

24. Here the equities require or allow the Court to modify the discharge injunction to allow Impact to pursue its legal remedies against the Debtors outside of this Court. Impact withdrew its claim based on the mistaken belief that the Cash Deposit would be sufficient to cover its claim reflected in the trial court's judgment. However, the Cash Deposit is insufficient to cover the Final Judgment awarded by the Fifth District Court of Appeals. Further, there truly is no purpose for the discharge injunction in this case. Debtors' Plans provided for a 100% distribution to all of its creditors. There is no debt to discharge. Moreover, because all creditors received 100% of their claims, none of the creditors will be prejudiced by the modification of the discharge injunction. Under the circumstances, it is inequitable to allow the discharge injunction to prevent Impact from collecting the difference between the Final Judgment and the Cash Deposit; therefore, the Court should modify the discharge injunction, as well as any prior orders regarding the Amended Claim to allow Impact to pursue its claim against Debtors for the shortfall between the Final Judgment and the Cash Deposit. *See Hendrix*, 986 F.2d at 198.

25. Finally, the Court should grant Impact the right to file a late claim for the difference between the Final Judgment and the Cash Deposit. Section 105(a) provides that the Court may issue any order that is necessary to carry out the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 105(a). Here, the equities of the case require that the Court issue an order allowing Impact to file a late claim because Impact withdrew its claim based solely on the belief that the Cash Deposit would be sufficient to pay Impact's claim reflected in the trial court's judgment. Further, the Debtors' Plans provided that all creditors would be paid 100% of their claims. No creditor will be prejudiced by allowing Impact to file a late claim. Further, neither the Debtors, nor any other party, will be surprised or unduly burdened by allowing the Impact to file a late claim.

WHEREFORE, Impact Equity, LLC respectfully prays that the Court grant the Motion, reconsider and reinstate Impact's claim, modify the discharge injunction to allow Impact to pursue its claim, or, alternatively, allow Impact to file a late claim, and for such other and further relief, in equity and law, that the Court deems appropriate under the circumstances.

Dated: June 25, 2010

                Respectfully submitted,

                BELL NUNNALLY & MARTIN LLP

By:   /s/ Jeffrey R. Erler
        Jeffrey R. Erler
        Texas Bar No. 00796516
        Heather H. Jobe
        Texas Bar No. 24048825
        Brad W. Odell
        Texas Bar No. 24065839

1400 One McKinney Plaza
3232 McKinney Avenue
Dallas, Texas 75204-2429
(214) 740-1400 Telephone
(214) 740-1499 Facsimile

**ATTORNEYS FOR IMPACT EQUITY, LLC**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Impact attempted to confer with counsel for the Debtors regarding the relief requested in this Motion by telephone on June 24, 2010. However, the parties were unable to confer at that time. Counsel for Debtors have not responded or returned the call. Therefore, the Motion is submitted to the Court for determination.

/s/ Jeffrey R. Erler
Jeffrey R. Erler

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served by electronic notification and/or first class mail, postage prepaid, upon the following parties on the 25th day of June, 2010.

Richard M. Roberson
Marcus A. Helt
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761

*Counsel to Reorganized Debtors Dorado Exploration Inc. and Dorado Beckville Partners, L.P.*

George H. Tarpley
M. Jermaine Watson
COX SMITH MATTHEWS INC.
1201 Elm Street, Suite 3300
Dallas, Texas 75270

*Counsel to Reorganized Debtor Dorado Operating, Inc.*

/s/ Jeffrey R. Erler
Jeffrey R. Erler

633613_2.DOC / 7575.1